ERVIN, J.,
concurring.
In my judgment, Westerheide v. State, 831 So.2d 93 (Fla.2002), does not address the argument appellant raised, which appears to be that the Americans with Disabilities Act (ADA) preempts the involuntary civil commitment of a disabled person such as appellant, because the Act defines disability, among other things, as a “mental impairment that substantially limits one or more of the major life activities of such individual.” 42 U.S.C. § 12102(2)(A) (2002).' Appellant points out that he has been diagnosed with both paraphilia[1] and an antisocial personality disorder, and that pertinent federal regulations implementing the ADA require placement of disabled persons in “setting[s] that enable[] individuals with disabilities to interact with nondisabled persons to the fullest extent possible.” Preamble to Regulation on Nondiscrimination on the Basis of Disability in State., and Local Government Services, 28 C.F.R. Pt. 35, App. A 450 (2002). He argues that total confinement in a secure facility for a disabled person such as himself, as required by the Jimmy Ryce Act, because of his designation as a sexually violent predator,[2] is contrary to the *784 dictates of the ADA, and requires reversal of the commitment order.
It appears, however, that the term “disability” does not include persons diagnosed with sexual disorders. In the Vocational Rehabilitation Act, 29 U.S.C. § 705(20)(F)(I) (2002), the term “individual with a disability” expressly excludes “transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders.” (Emphasis added.)[3] The exclusion of sexual behavior disorders from the definition of disability in the Vocational Rehabilitation Act can be construed as applying to the ADA as well. See Coleman v. Zatechka, 824 F.Supp. 1360 (D.Neb.1993) (observing that the ADA provides persons with disabilities the same rights and remedies as provided under Rehabilitation Act); Galloway v. Superior Ct. of D.C., 816 F.Supp. 12 (D.D.C.1993).
I therefore join the majority in affirming the commitment order, but for reasons different from those expressed by the majority.

. § 394.912(10)(a), Fla. Stat. (2002)

. The appellee has cited 42 U.S.C. § 12111, as containing the same language in the ADA; however, that exclusion no longer exists in the ADA.